UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

**Hon. Hugh B. Scott**

**12CR89S**

v.

**DECISION
&
ORDER**

Myra R. Hight,

Defendant.

Before the Court is the omnibus motion filed on behalf of defendant Myra R. Hight

("Hight") (Docket No. 21). [1]

**Background**

On March 13, 2012, the Grand Jury for the Western District of New York indicted Hight

on charges of conspiracy to possess and distribute marijuana in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(C) and 846. [Count 1]. The indictment also contains forfeiture allegations

---

[1]  The dispositive issues raised in the respective motions are the subject of a separate
Decision & Order.

relating to various property and funds, including $77,571.00, pursuant to 21 U.S.C. §853(a)(1) and (2).

## Discovery

The defendant's motion papers list various items of pretrial discovery. (Docket No. 21 at pages 3-12). The government has represented that it has complied with its discovery obligations. (Docket No. 28 at page 8). At oral argument, the parties did not identify any particular outstanding discovery issue. Should any outstanding issue remain, the defendant may make an application for relief.

## Brady, Giglio & Jencks Material

The defendant seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government has acknowledged its obligations under <u>Brady</u> and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), as well as the Jencks Act, and represented that it will provide any such information in accordance with the schedule set by the District Court Judge prior to trial (Docket No. 28 at pages 11-14).

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether there is a meaningful distinction between "exculpatory <u>Brady</u>" and "impeachment <u>Brady</u>" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under <u>Brady</u>, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. <u>U.S. v. Campagnuolo</u>, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted <u>Brady</u> to require disclosure "at the appropriate" time, which often is prior to trial); <u>U.S. v. Perez</u>, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing <u>Brady</u> material violates due process only if the delay prevented the defendant from receiving a fair trial); <u>U.S. v. Ziperstein</u>, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of <u>Brady</u> material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see <u>U.S. V. Wilson</u>, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); <u>U.S. Biaggi</u>, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same

---

[2]    In a footnote in its opinion in <u>Lucas v. Regan</u>, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

3

time as [Jencks Act] materials); <u>U.S. V. Feldman</u>, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is

sufficient for the government to disclose <u>Brady</u> impeachment materials along with [Jencks Act]

materials).

The Jencks Act relates only to "statements" made by government witnesses.  Such

statements may include inconsistencies which make them useful for impeachment purposes, and

thus, subject them to disclosure under <u>Brady</u> principles.  To this extent, it has been suggested that

the constitutional requirements underlying <u>Brady</u> could act to modify the Jencks Act. <u>U.S. v.</u>

<u>Campagnuolo</u>, 592 F.2d 852, 860 (5th Cir. 1979). But see <u>U.S. v. Presser</u>, 844 F.2d 1275 (6th

Cir. 1988)(the government may not be compelled to pretrial disclosure of <u>Brady</u> or Jencks

material).  The record in this case does not reflect whether any of the materials withheld by the

government may be considered both <u>Brady</u> and Jencks material.  Certainly "impeachment <u>Brady</u>"

material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process

requirements which underlie <u>Brady</u> mandate that the court have some discretion with respect to

the timing of the disclosure of such information, even if it may be considered combined

<u>Brady</u>/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second

Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and

the court, ... sound trial management would seem to dictate that Jencks Act material should be

submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents

can be avoided." <u>U.S. v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974);  <u>U.S. V. Green</u>, 144 F.R.D.

631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that

disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

**Bill of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory" U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

In the instant case, the government has produced substantial discovery to the defendant. Upon review of the indictment, and in light of the discovery and information already provided or promised in this case, the defendant has not demonstrated that further particularization is required to protect her from double jeopardy or to enable her to adequately prepare a defense and avoid surprise at trial.

### Co-Conspirator's Statements

With respect to the defendant's request for statements made by co-conspirators, it is well established that the statements of co-conspirators are not discoverable under Rule 16(a).  In re United States, 834 F.2d 283, 286 (2d. Cir. 1987); United States v. Percevault, 490 F.2d 126 (2d Cir. 1974);  United States v. Green,  144 F.R.D. 631, 638 (W.D.N.Y. 1992).  The Jencks Act provides the exclusive procedure for discovering statements that government witnesses have given to law enforcement agencies.  United States v. Covello, 410 F.2d 536, 543 (2d. Cir.) cert. denied 396 U.S. 879 (1969).

### Disclosure of Grand Jury Transcripts

The defendant also seeks disclosure of the grand jury transcripts. There is a presumption that grand jury proceedings are lawful and regular, (United States v. Torres, 901 F.2d 205, 232 (2d Cir.) (quoting Hamling v. United States, 418 U.S. 87, 139 n. 23, 94 S.Ct. 2887, 2918 n. 23, 41 L.Ed.2d 590 (1974), cert. denied, 498 U.S. 906, 111 S.Ct. 273, 112  L.Ed.2d 229 (1990)), and disclosure of grand jury proceedings is available only by order of the Court.  (See  Fed.R.Crim.P. 6(e)).  A party seeking disclosure of  grand jury proceedings bears the burden of establishing a "particularized need"  or "compelling necessity" for such disclosure which outweighs the policy of  grand jury secrecy.  Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S.  211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979);  Pittsburgh Plate Glass Co. v.  United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959);  In re Rosahn, 671 F.2d 690, 695 (2d Cir.1982). Unspecified allegations of  impropriety or mere speculation are not sufficient to satisfy this heavy

burden.  <u>United States v. Calandra</u>, 414 U.S. 338, 345, 94 S.Ct. 613, 618-19,  38 L.Ed.2d 561

(1974).  Therefore, "review of grand jury minutes is rarely  permitted without specific factual

allegations of governmental misconduct."  <u>Torres</u>, 901 F.2d at 233.

The defendant has not presented any particularized need or advanced any proof

controverting the presumption of regularity in the grand jury proceedings in this case. This

request is denied.

### Rules 403, 404 & 609

The defendant also seeks information under Rules 403, 404 and 609 of the Federal Rules

of Evidence.

Rule 403 of the Federal Rules of Evidence allows for the exclusion of otherwise

admissible evidence on the grounds that its probative value is substantially outweighed by some

form of prejudice.  The defendant has not identified any specific item to which it intends to assert

such an objection.  The admissibility of any such evidence is a question for the trial judge.

Federal Rule of Evidence 404(b) governs requests for disclosure of all evidence of prior

bad acts that the government intends to use in its case-in-chief.  Rule 404 requires that the

defendants be given "reasonable notice in advance of trial, or during trial if the court excuses

pretrial notice on good cause shown, of the general nature of any such evidence it intends to use

at trial."   To the extent that the government intends to use any such evidence of a prior bad act

in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the

District Court in the trial order.

With respect to the defendant's requests under Rules 608 and 609, the only notice requirement imposed by either Rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendant with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

**Identity of Informants**

The defendant seeks the pre-trial disclosure of the identity of any informants in this case. The government is not required to provide early disclosure of the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).

The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to her defense. This request is denied.

**Preservation of Rough Notes**

The defendant has requested the preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve such information.

**Conclusion**

For the reasons stated above, the motion for omnibus relief (Docket Nos. 21) is granted in part and denied in part consistent with the above.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
January 18, 2013